```
        IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

**JONATHAN JOSEPH LIND,**

     **Movant,**

v.                                         **Case No. 2:09-cv-00851**

**DAVID BALLARD, Warden,**
**Mount Olive Correctional Complex,**

     **Respondent.**

## MEMORANDUM OPINION AND ORDER

On July 17, 2009, the Clerk's Office received a "Motion for Stay/Abeyance" (docket sheet document # 1) from Jonathan Joseph Lind, am inmate at the Mount Olive Correctional Complex. The above-referenced civil action was opened to address this motion. This matter is assigned to the Honorable Joseph R. Goodwin, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

In his Motion for Stay/Abeyance, Movant requests that this federal court stay the one-year statute of limitations applicable to the filing of a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 until Movant has exhausted his habeas review in the state courts. (# 1 at 1-2). On August 4, 2009, Movant filed additional documentation in support of his Motion for Stay/Abeyance

(# 4), which sets forth some of the dates upon which filings and decisions have been made in his state court proceedings. The undersigned will address those dates and their application to the statute of limitations.

## **APPLICABLE STATUTES AND CASE LAW**

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

The undersigned notes, however, that the statute of limitations is <u>not tolled</u> during the pendency of a petition for a writ of certiorari to the Supreme Court seeking review of a state court decision denying post-conviction relief. See <u>Lawrence v. Florida</u>, 549 U.S. 327, 127 S. Ct. 1079, 166 L. Ed.2d 924 (2007). Furthermore, the filing of a section 2254 petition in the federal court does not toll the statute of limitations. See <u>Duncan v. Walker</u>, 533 U.S. 167, 121 S. Ct. 2120, 150 L. Ed.2d 251 (2001).

Section 2254 of Title 28 provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
>> (A) the applicant has exhausted the remedies available in the courts of the State . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The movant bears the burden of proving exhaustion. See <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998); <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997). Where a habeas petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed. <u>McDaniel v. Holland</u>, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal, or by stating such claims in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545. A prisoner may also exhaust the State court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's State court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

Therefore, Movant must file a section 2254 habeas corpus petition in this federal court within one year of his criminal judgment becoming final, excluding the time that a properly filed petition for post-conviction relief is pending in the state courts, and the claims that are contained in his section 2254 petition must have been fully exhausted in the state courts as described above.

**PROCEDURAL HISTORY OF MOVANT'S CASE**

According to Movant's motion and the additional documentation in support thereof, on March 28, 2007, Movant was convicted in the Circuit Court of Kanawha County of Second Degree Murder, First Degree Robbery, and three counts of Forgery of a Credit/Debit Card. (# 1 at 1).  On June 1, 2007, Movant was sentenced to 10 to 40 years on the Second Degree Murder charge, [20 to?] 80 years on the First Degree Robbery charge, and 1 to 10 years for each of the Forgery charges, all of which were to run consecutively to one another, for a total sentence of 33 to 150 years.  (# 1 at 1; # 3 at 1).

Movant filed a Petition for Appeal on November 30, 2007.  (# 3 at 1).  The Petition for Appeal was refused on March 13, 2008.  (Id.)  It appears that Movant did not file a Petition for a Writ of Certiorari in the Supreme Court.

According to Movant's documents, Movant filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County on September 24, 2008 (Case No. 08-MISC-349).  (Id.)  Attorney Michael Payne was appointed to represent Movant in that proceeding on February 12, 2009, and the petition was denied on April 17, 2009.

Movant states that he filed an "Addendum Habeas Appeal" in the SCAWV on May 27, 2009. However, the undersigned's staff has contacted the Clerk of the SCAWV and determined that no habeas appeal has been filed in that court.  As noted above, the AEDPA one-year statute of limitations is tolled during the pendency of a

properly filed state habeas corpus proceeding, and that includes the time period that a habeas appeal is pending. However, since no Petition for Appeal from the denial of Movant's Kanawha County habeas corpus petition was filed within the four-month time period in which such a petition could be filed, the tolling period ended on the last date upon which a Petition for Appeal could have been filed. In the instant case, that date appears to have been on August 17, 2009.

Under the authority cited above, Movant's judgment became final on June 13, 2008, ninety days after the refusal of his direct appeal.[1] Thus, the one-year statute of limitations under section 2244(d)(1) began to run on June 14, 2008, and ran for 103 days until September 24, 2008, when Movant filed his Petition for a Writ of Habeas Corpus in the Circuit Court of Kanawha County, which tolled the statute of limitations. (# 3 at 1). The one-year statute of limitations began to run again on August 18, 2009, and has run for an additional 78 days until today. In total, as of the date of filing of this Memorandum Opinion and Order, 181 days have run under the one-year statute of limitations, which leaves Movant with 184 days left to timely file a section 2254 petition in this court, barring any other tolling event.

---

[1] Because Movant did not file a Petition for a Writ of Certiorari, his judgment became final upon the expiration of the 90 day period in which such a petition could have been filed. See Harris v. Hutchinson, 209 F.3d 325, 328 n.1 (4th Cir. 2000).

This court does not have the authority to stay the statute of limitations when no properly filed state court collateral proceeding is presently pending. Accordingly, it is hereby **ORDERED** that Movant's Motion for Stay/Abeyance (# 4) be **DENIED** and this civil action be dismissed without prejudice.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Movant.

| | |
|---|---|
|    November 3, 2009    | *Mary E. Stanley* |
| Date | Mary E. Stanley |
| | United States Magistrate Judge |